JOHN B. MCNAUGHTON V. CHARLES A. QUAY.

*Slander—Evidence—Instructions—Justification.*

1. Where in an action for slander consisting, as alleged, in charging the plaintiff with having committed the crimes of perjury and larceny, the defendant gives notice that under his plea of the general issue he will prove the truth of the charge as to the commission of the first-named crime, the court should ex-

clude, not only such circumstances as tend to prove the truth of the other accusation, but all the circumstances which would tend to cast suspicion upon the plaintiff as having been guilty of said offense.

2. Where the defendant in an action for slander consisting, as alleged, in charging the plaintiff with having committed the crime of perjury, proves the truth of the charge to the satisfaction of the jury, the plaintiff is not prejudiced by a statement in the charge that the defendant admits speaking the words charged in the declaration, it appearing that the words admitted by him to have been spoken were not actionable *per se.*

Error to Clinton. (Daboll, J.) Submitted on briefs June 28, 1894. Decided September 25, 1894.

Case for slander. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Lyon & Dooling,* for appellant.

*Fedewa & Merrill,* for defendant.

Long, J. The declaration in this cause was for slander, and alleged that defendant had accused the plaintiff of the crime of perjury in testifying as a witness in a cause tried in justice's court, and also that defendant had accused him of the crime of larceny, by reporting that he had stolen his (defendant's) honey. The plea was the general issue, with notice that defendant would prove on the trial the truth of the charge as to the commission of perjury. On the trial the defendant was sworn as a witness, and testified that he had accused the plaintiff of perjury, and produced some evidence tending to show the truth of the accusation. Defendant denied, however, that he had ever accused the plaintiff of the larceny. The jury rendered a verdict in favor of defendant.

The defendant was permitted, under plaintiff's objection, to testify that upon a certain evening, about three years

before, he had some honey stolen, and to detail the circumstances under which it was taken. This is assigned as error, and it is claimed that plaintiff's case was prejudiced by the admission of the testimony. The court was in error in admitting this testimony. The defendant, by his plea of the general issue to this charge in the declaration, would not have the right to prove the charge to be true. He in fact denied absolutely that he uttered the slander, and he did not have the right to offer evidence, the only purpose of which would be to prove the truth of the charge. In such cases the rule is settled that the court should exclude, not only such circumstances as tend to prove the truth of the charge, but all circumstances which would tend to cast suspicion upon the plaintiff as having been guilty of the offense. *Storey v. Early*, 86 Ill. 461.

Error is also assigned upon that part of the charge in which the court instructed the jury that the defendant admitted that he spoke the words attributed to him as to the charge of perjury, and further that, if they found by a preponderance of the evidence that plaintiff did commit perjury, then as to that issue they should find for defendant.

The declaration charged the defendant with having published and declared of and concerning the plaintiff the following slanderous and defamatory words: "McNaughton (this plaintiff meaning) went down there (to the office of Byron V. Soule, a justice of the peace in and for the county of Clinton, and in the village of Ovid, meaning) and swore to a God-damned lie, or I would have beaten her" (the defendant in that suit). And that at another time he used these words: "He did swear to a God-damned lie down at Ovid, and I won't deny I said so. I wouldn't have been beaten if it hadn't been for John" (meaning thereby, and intending to chage, that in a case tried before Byron V. Soule, a justice of the peace, and

in which one Jane Runciman was defendant and Charles A. Quay plaintiff, the said John B. McNaughton gave testimony material to the issue,. and in so doing committed the crime of perjury).   The testimony given by the plaintiff bore out the allegations in the declaration, one Clarence Kimball testifying that he had heard Quay say "he would have beat Jane Runciman, down at Ovid, if it hadn't been for John McNaughton.   He said he swore to a God-damned lie."   George W. Kimball testified to the same thing.

It is claimed that the defendant did not admit on the trial that he spoke the slanderous and defamatory words as they were set forth in the declaration, but that his only admission was that he told one Exelby that "he [McNaughton] falsified," and that he "told Clarence Kimball that McNaughton swore falsely at the trial at Ovid." This appears to be the only admission made by the defendant as to what he said of and concerning the plaintiff. It is therefore insisted that the court was in error in stating to the jury that the defendant admitted that he spoke the words attributed to him as to the charge of perjury, and that the plaintiff's case was prejudiced by this charge, for the reason that the evidence on the part of the defendant was not identical with the charge, in point of law, as the gist of the charge was, "I wouldn't have been beaten if it hadn't been for John," and that the defendant's admission as to what he said would not make the words actionable *per se*, while the words charged in the declaration are actionable *per se*. It is further claimed that inasmuch as the declaration sets out words which are actionable *per se*, and the plaintiff having proved that such words were uttered, the defendant cannot, under his plea of justification, claim that he has justified when he proves he has uttered words which are not actionable

102 MICH.—10.

*per se*, and which are not identical in point of law with
the charge made in the declaration; and that under these
circumstances the question whether the plaintiff did com-
mit perjury should not have been submitted to the jury.

It is a little difficult to see how the plaintiff was injured
by the charge as given, or what the real contention of
counsel is. The declaration sets out words which are
actionable *per se*. The charge made was one of perjury.
The defendant, under his plea of the general issue, gave
notice that, if the words were spoken as alleged in the
declaration, they were true. The plaintiff proved that the
words were spoken, and rested his case. The defendant
then took the case, and showed substantially that, in the
suit referred to, defendant sued Mrs. Runciman to recover
the principal and interest of a promissory note given by
Mrs. Runciman to him for the price of some sheep sold to
her by defendant. Defendant contended that Mrs. Runci-
man agreed to pay interest on the note, and that the
note was correct as written. She denied that she was to
pay interest, and claimed that the interest clause in the
note was forged. The plaintiff in this cause was called as
a witness by Mrs. Runciman, and testified that, in a con-
versation had with Quay in relation to the sale of the
sheep and the price to be paid therefor, Quay said to him,
among other things, that—

"I don't know but what I have done just as well as if
I had held onto them, for I have waited on her for the
price without interest; but she takes care of the lambs,
and the keep of the lambs is worth more to me than the
interest on the price of the sheep."

On the trial of the present case, defendant offered tes-
timony tending to show that the plaintiff did testify
falsely before the justice in the Runciman suit. The
court regarded the plea sufficient to admit this testimony,

and directed the jury that, if they believed that plaintiff did testify falsely on that trial, they should find upon that issue a verdict for the defendant.    We see no error in this charge, and if the court, by some inadvertence, stated to the jury that the defendant admitted speaking the words charged in the declaration, it is not clear how the plaintiff was prejudiced.    The defendant had proved the words, as laid in the declaration, true, to the satisfaction of the jury, as they found with him.    Conceding, therefore, all that plaintiff's counsel claim, we see no prejudicial error in the charge.

Some other errors are claimed, which we do not deem of sufficient importance to discuss, as on another trial the rights of the parties will undoubtedly be fully protected.

For the error pointed out the judgment must be reversed, and a new trial ordered.

The other Justices concurred.